UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH ZIMMERMAN,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:18-cv-00015-APG-NJK<br><br>**Order**<br><br>(Docket No. 66) |

Pending before the Court is Plaintiff's motion to extend discovery deadlines. Docket No. 66. No response was filed. Plaintiff filed a notice of non-opposition. Docket No. 69.

On June 15, 2018, the parties filed an amended stipulated discovery plan and scheduling order. Docket No. 63. The parties requested competing discovery plans: Defendant requested that discovery be conducted in phases with respect to Plaintiff's individual claims and class discovery, while Plaintiff requested one period of discovery. *Id.* at 3-4. On June 18, 2018, the Court granted in part and denied in part the parties' amended stipulated discovery plan. Docket No. 64. The Court ordered discovery to be conducted in two phases and set the discovery cut-off for individual claims, as well as the deadline to file dispositive motions on individual claims. *Id.* Plaintiff now asks the Court to extend the expert and rebuttal expert disclosure deadlines from May 31, 2018, and July 2, 2018, to September 20, 2018, and October 22, 2018, respectively. Docket No. 66.

"A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline." Local Rule 26-4.

1

"A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *Id.* "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)). The Court considers four factors in determining excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. 380, 395 (1993).

Plaintiff submits that her delay was a result of Defendant Experian's failure to respond to communications regarding the amended stipulation. Docket No. 66 at 2-3. Plaintiff further submits that she first contacted Defendant Experian on May 18, 2018, to stipulate to extending the discovery deadlines, and includes as exhibits various follow-up communications with Defendant Experian that occurred after the May 31, 2018 deadline. *Id.* at 2-3; *see also* Docket No. 66-2. Taking into account all the relevant circumstances, the Court finds that the factors favor a finding of excusable neglect. Defendant Experian fails to show that it would be prejudiced by such an extension; the delay will not impact the proceedings, as the Court has already granted an extension to, *inter alia*, the discovery cut-off; and the Court finds no evidence that Plaintiff acted in bad faith.

Accordingly, the Court **GRANTS** Plaintiff's motion. Docket No. 66. The Court **EXTENDS** the expert disclosure deadline to September 20, 2018, and the rebuttal expert deadline to October 22, 2018.

IT IS SO ORDERED.

Dated: July 27, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge