UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEBORAH ZIMMERMAN,
    Plaintiff(s),

v.

EXPERIAN INFORMATION SOLUTIONS, INC. *et al.*,
    Defendant(s).

Case No.: 2:18-cv-00015-APG-NJK

**Order**

[Docket No. 89]

Pending before the Court is an emergency motion to intervene for the purpose of modifying the Court's protective order. Docket No. 89. "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

Intervenors' emergency motion fails to demonstrate that the movant is without fault in creating the crisis that requires emergency relief. Intervenors' counsel, Miles Clark, who is also counsel on the instant case, submits that the meet and confer on November 27, 2018, which itself was over two weeks ago, prompted the motion. The document at issue, however, was produced in this case on October 29, 2018. Nonetheless, Intervenors waited until 4:06 p.m. on the afternoon

before Ashcraft's motion for summary judgment was due to file the instant motion. Docket No. 89. Intervenors provide no explanation for the delay in filing their motion until the eleventh hour, thus clearly creating their own emergency.

While the Court has the discretion to deny Intervenors' motion outright,[1] the Court will instead allow the motion to be briefed according to the standard briefing schedule as set forth in the Court's Local Rules. Defendant's motion to strike, Docket No. 91, is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: December 13, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Intervenors' counsel is warned that the Court is unlikely to follow this procedure in the future if counsel again creates its own emergency.