UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEBORAH ZIMMERMAN,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

Case No.: 2:18-cv-00015-APG-NJK

**ORDER**

(Docket No. 82)

Pending before the Court is Plaintiff's motion for leave to file her third amended complaint. Docket No. 82. The Court has considered Plaintiff's motion and Defendant's response. Docket Nos. 82, 90. No reply was filed. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the Court hereby **GRANTS** Plaintiff's motion. Docket No. 82.

**I.    Background**

Plaintiff filed for Chapter 13 Bankruptcy on November 28, 2011, and on August 24, 2012, the United States Bankruptcy Court for the District of Nevada confirmed her Chapter 13 plan. Docket No. 1 at 4-5. Plaintiff made her payments as required under the terms of the Confirmed Chapter 13 plan but alleges that Defendant either reported or caused to be reported inaccurate credit information after the bankruptcy. *Id*.

Plaintiff filed a first amended complaint, which Defendant moved to strike. Docket Nos. 24, 26. Plaintiff filed a motion for leave to file a second amended complaint adding allegations

about her individual claims and class claims. Docket No. 40. Defendant did not oppose the motion and Plaintiff filed her second amended complaint on May 23, 2018. Docket No. 57. The deadline to amend pleadings expired May 1, 2018, and the Court has previously declined to extend it. Docket Nos. 31, 64 at 2.

**II.     Standards**

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert*

*Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

**III. Analysis**

A. Rule 16

Plaintiff contends that Defendant produced new documents on August 31, 2018 and October 2, 2018, which demonstrate that Defendant's policy equivocates between the definition of a consumer disclosure and a consumer report. Docket No. 82 at 7-9. Plaintiff contends that the documents contrast with Defendant's position in litigation in this District. *Id.* at 9. Plaintiff submits that the documents demonstrate that Defendant failed to disclose all the "behavioral data" it collected on Plaintiff and, therefore, that amending the complaint is appropriate to further demonstrate Defendant's liability on Plaintiff's existing claims. *Id.* at 10.

Plaintiff submits that the danger of prejudice to Defendant is minimal because discovery is not set to close for four months and because Plaintiff's amendment does not include any new claims, but merely "illustrates Plaintiff's existing claims." *Id.* at 12. Plaintiff further contends that any prejudice related to amendment stems from Defendant's own litigation tactics in delaying production. *Id.* Plaintiff submits that she moves for leave only weeks after receiving Defendant's FCRA policy and that the delay is attributable to Defendant's late production of the policies, despite Plaintiff's diligence in seeking this discovery. *Id.* at 12-13. Finally, Plaintiff submits that she seeks leave to amend in good faith. *Id.* at 13.

Defendant contends that Plaintiff fails to ask for a modification of the scheduling order or to show good cause for such modification. Docket No. 90 at 7. Defendant contends that, because Plaintiff fails to seek modification of the Court's scheduling order, her motion should be denied. *Id*. Defendant also contends that Plaintiff unduly delayed in filing her motion, as she has known for months about many of her newly alleged facts but, nonetheless, waited until the eleventh hour to add the new allegations. *Id.* at 7-8. Defendant submits that the only new claims Plaintiff seeks to add relate to the undisclosed inquiries into Plaintiff's credit, and that Plaintiff has been aware of these additional inquiries for seven months. *Id.* at 8. Defendant contends that Plaintiff has had access to the lists of all inquiries since April 2018, and that she fails to demonstrate why she did

3

not include the inquiries in her second amended complaint or why she did not move to compel the information. *Id*. at 9. Defendant submits that Plaintiff's motion is not made in good faith, as it buries her new allegations in mischaracterizations about policies in Defendant's recently disclosed internal documents. *Id*. at 10. Defendant contends that these policies have nothing to do with the additional inquiries on Plaintiff's administrative report. *Id*. at 10.

The Court finds that Plaintiff was diligent in moving for amendment within a reasonable time after receiving the relevant documents. Therefore, the Court finds that Plaintiff has demonstrated good cause for her request under Rule 16. The Court now turns to Rule 15.

B. Rule 15

As discussed above, under Rule 15, Courts examine whether amendment is proper under the standards outlined in Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Because of the liberal policy in favor of amendment, the party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

In considering all of the above factors, and in applying Rule 15(a) with extreme liberality, as it must, the Court finds that Plaintiff's request for leave to file her third amended complaint is properly granted.

. . . .

. . . .

. . . .

. . . .

4

**IV. Conclusion**

For the reasons discussed more fully above, the Court **GRANTS** Plaintiff's motion for leave to amend. Docket No. 82. Plaintiff must file her third amended complaint on the docket no later than January 8, 2019.

IT IS SO ORDERED.

Dated: January 4, 2019.

                                                                            _____
Nancy J. Koppe
United States Magistrate Judge